UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rodney L. Gray, Jr., | ) | C/A No. 4:16-cv-02132-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| Carolyn S. Zirfas, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This is a civil action filed by a pro se litigant proceeding *in forma pauperis*. This matter is before the court on a Motion to Dismiss for Failure to State a Claim filed by Defendant Carolyn S. Zirfas ("Defendant") on August 12, 2016. ECF No. 22. As Rodney L. Gray, Jr. ("Plaintiff") is proceeding pro se, the court entered a *Roseboro* Order[1] on August 15, 2016, advising Plaintiff of the importance of such motions and of the need for him to file adequate responses. ECF No. 23. Plaintiff responded to Defendant's Motion on September 19, 2016, making this Motion ripe for consideration. ECF No. 26. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court.

I.   Factual and Procedural Background

Plaintiff is a resident of the state of Nebraska. Defendant is a resident of the state of South Carolina. On March 9, 2011, Plaintiff and Defendant were involved in an automobile

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

accident in Omaha, Nebraska. At the time of the accident, both Plaintiff and Defendant were citizens and residents of the State of Nebraska. Defendant later moved to South Carolina.

On March 6, 2015, Plaintiff filed an action arising out of the March 9, 2011 accident against the Defendant in the Douglas County Court Civil/Small Claims Division, in Omaha, Nebraska ("the Nebraska case"). *Gray v. AAA Ins. Co.*, No. Cl 15-4845. That case was ultimately dismissed with prejudice against Defendant's insurer on May 28, 2015 for failure to state a claim and without prejudice against Defendant on January 19, 2016 when Plaintiff failed to serve her within six months. ECF Nos. 26-2, 26-3. On March 18, 2016, Plaintiff filed a Notice of Appeal from the dismissal and the appeal remains pending in Douglas County, Omaha, Nebraska. ECF No. 22-1 at 3. The Complaint in this case was filed on June 23, 2016. ECF No. 1. It makes the same claims against Defendant and arises out of the same incident as does Plaintiff's Nebraska case. *Id*. at 5. Plaintiff requests damages in the amount of $1,000,000.00. *Id*. at 6.

II.     Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In construing a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's pro se complaint must be taken as true. *Loe v. Armistead*, 582 F.2d 1291, 1292 (4th Cir. 1978); *Iqbal*, 556 U.S. 662. A pro se complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. *Id*. at 555. A pro se complaint should be

liberally construed. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. *Iqbal*, 556 U.S. at 679.

Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a viable claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Twombly*, 550 U.S. at 558. Although consideration of matters outside the pleadings generally converts a dismissal motion under Rule 12(b)(6) to a motion for summary judgment, under certain circumstances a court may consider outside documents when ruling on a motion to dismiss. If a document is integral to and explicitly relied on in a complaint, and its authenticity is unchallenged, a court may consider it when ruling on a motion to dismiss. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). Similarly, a court may consider official public records when ruling on a motion to dismiss. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x. 395, 397 (4th Cir. 2006).[2] When a plaintiff fails to introduce pertinent document as part of a complaint, the defendant may attach document to its motion to dismiss and the court may consider same without converting motion to one for summary judgment. *Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995); *see also LM Ins. Corp. v. Contingent Res. Solutions, LLC*, No. 7:14-cv-3634-BHH, 2016 WL 728700, at *4 (D.S.C. Feb. 24, 2016).

---

[2] Here, Defendant has filed along with her Motion to Dismiss the following documents: Plaintiff's Nebraska appellate court transcript, ECF No. 22-1; Plaintiff's Nebraska case summary, ECF No. 22-2. Plaintiff also attaches the following documents to his Response to the Motion to Dismiss: an accident report, ECF No. 26-1; two Nebraska county court orders, ECF Nos. 26-2, 26-3; two pleadings from a District of Nebraska Bankruptcy Court action, ECF Nos. 26-4, 26-5; a Nebraska county court bill of exceptions, 26-6. Given that these documents are integral to Plaintiff's factual allegations and that he does not contest their authenticity and that the documents are public records from legal proceedings in Nebraska, the court may consider these documents in its determination of Defendant's Motion to Dismiss.

III.    Analysis

Defendant contends that Plaintiff's Complaint is barred by the running of the statute of limitations because it was not filed in this court on or before March 9, 2014, three years after the date of the motor-vehicle accident between Plaintiff and Defendant. ECF No. 22 at 4. Alternatively, Defendant contends that this court should abstain from considering Plaintiff's Complaint based on the pending Nebraska case. *Id.* at 5-6. Plaintiff responds that the statute of limitations does not bar his Complaint because he filed a state-court action in Nebraska within the time allowed by that state's four-year statute of limitation.[3] He complains that Defendant's attorneys in Nebraska made it difficult for him to proceed there by filing a bankruptcy action and by refusing to accept service of process. ECF No. 26 at 2.

Dismissal is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense. *See Brooks v. City of Winston–Salem,* 85 F.3d 178, 181 (4th Cir. 1996). *See generally* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004) ("A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading," rendering dismissal appropriate). *Cooper v. Smithfield Packing Inc.*, No. 5:10-CV-479-F, 2011 WL 3207912, at *2 (E.D.N.C. July 27, 2011). A statute of limitations promotes justice by preventing surprises through the revival of claims that have been allowed to slumber. *Burnett v. New York Central R.R.*, 380 U.S. 424, 428 (1965). In diversity actions such as this,

---

[3] *See* Neb. Rev. Stat. § 25-207 ("The following actions can only be brought within four years: (1) An action for trespass upon real property; (2) an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; (3) *an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated*; and (4) an action for relief on the ground of fraud, but the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud, except as provided in sections 30-2206 and 76-288 to 76-298") (emphasis added).

where the parties are from different states and the accident occurred in a state other than South Carolina, this court applies the substantive law of the state where the accident occurred and the procedural law of South Carolina. *See Sokolowski v. Flanzer*, 769 F.2d 975, 977 (4th Cir.1985); *Sasso v. Koehler*, 445 F. Supp. 762, 767 (D. Md. 1978). The affirmative defense of statute of limitations is governed by procedural law and, therefore, in this case, by the law of South Carolina. *See, e.g.*, *Collins v. R. J. Reynolds Tobacco Co.*, 901 F. Supp. 1038, 1041 (D.S.C. 1995); *Alday v. Tecphy Div. Firminy*, 10 F. Supp. 2d 562, 563 (D.S.C. 1998). The South Carolina Court of Appeals has held that

> "[s]tatutes of limitations are not simply technicalities . . . [o]n the contrary, they have long been respected as fundamental to a well-ordered judicial system. . . [s]tatutes of limitations embody important public policy concerns as they stimulate activity, punish negligence, and promote repose by giving security and stability to human affairs . . . [o]ne purpose of a statute of limitations is to relieve the courts of the burden of trying stale claims when a plaintiff has slept on his or her rights . . . . [and] [a]nother purpose of a statute of limitations is to protect potential defendants from protracted fear of litigation . . . [s]tatutes of limitations are, indeed, fundamental to our judicial system.

*Kelly v. Logan, Jolley & Smith, L.L.P.*, 682 S.E.2d 1, 4 (S.C. Ct. App. 2009) (citations omitted), *abrogated on other grounds*, *Stokes-Craven Holding Corp. v. Robinson*, 787 S.E. 2d 485, 494-95 (S.C. 2016). In South Carolina for torts such as automobile accidents, the applicable statute of limitations is three years from the date of the accident. S. C. Code Ann. 15-3-530 (5).[4] South Carolina law holds that a statute of limitations may be equitably tolled rarely and under limited and exceptional circumstances. *Vieira v. Simpson*, No. 2:13-CV-2610-DCN, 2015 WL 1299959, at *6-7 (D.S.C. Mar. 23, 2015). The plaintiff bears the burden of proof on the issue of equitable

---

[4] In light of this law, Plaintiff's reliance on Nebraska's four-year statute of limitations, Neb. Rev. Stat. § 25-207, is misplaced. The only relevant statute of limitations in this case is South Carolina's; therefore, the fact that Plaintiff filed the Nebraska case three days before the Nebraska statute ran is irrelevant where the South Carolina statute had already run on March 9, 2014 -- more than eleven months before the Nebraska case was filed.

tolling. *See Hooper v. Ebenezer Senior Servs. & Rehab. Ctr.*, 687 S.E.2d 29, 32 (S.C. 2009). Among the limited circumstances that South Carolina has recognized as potentially supportive of the application of equitable tolling is where a plaintiff is in the process of pursuing alternate remedies when the statute of limitations expires. *Id.* at 33 (citing *Irby v. Fairbanks Gold Mining, Inc.* 203 P.3d 1138, 1143 (Alaska 2009). However, Plaintiff has not provided this court with, and independent research has not disclosed, any South Carolina case analyzing a situation wherein the doctrine of equitable tolling was raised based on the pursuit of alternate remedies such as a state court action. *But see, e.g., McNeal v. Montgomery Cty.*, 307 F. App'x 766, 772 (4th Cir. 2009) (declining to apply equitable tolling in an intentional tort action for the time that the plaintiff pursued Title VII administrative remedies); *Knickman v. Prince George's Cty.*, 187 F. Supp. 2d 559, 564 (D. Md. 2002) (dismissing the plaintiff's IIED claim and other state law tort claims on the defendant's 12(b)(6) motion; declining to apply equitable tolling for time spent pursuing Title VII administrative complaint); *see also Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 462-66 (1971) (statute of limitations for § 1981 claim not tolled while plaintiff was pursuing Title VII administrative claim even though the actions were based on the same facts). In a somewhat analogous situation, South Carolina has refused to apply equitable tolling to a statute of limitations defense where the plaintiff filed a lawsuit before the statute expired, but failed to serve the defendants before the statute expired even though Defendants participated in preliminary proceedings in the case. *See Holmes v. Haynsworth, Sinkler & Boyd, P. A.*, 760 S.E.2d 399, 405-06 (S.C. 2014), *abrogated on other grounds, Stokes-Craven Holding Corp. v. Robinson*, 787 S.E. 2d 485, 494-95 (S.C. 2016).

Having reviewed the pleadings and considered the arguments of the parties, the undersigned finds that this case should be dismissed because the statute of limitations of any

claim that Plaintiff has against Defendant under this court's diversity jurisdiction is barred by the applicable three-year statute of limitations. As previously stated, the automobile accident between the parties occurred in Nebraska on March 9, 2011. As a result, if Plaintiff, a Nebraska resident, wished to sue Defendant, a South Carolina resident, in this court under its diversity jurisdiction, he should have filed his Complaint on or before March 9, 2014. He did not.

Instead of suing Defendant here, Plaintiff waited until March 6, 2015 -- nearly one full year after the applicable statute of limitations ran to begin judicial proceedings against Defendant in Nebraska. As a result, Plaintiff's liberally construed assertions that the filing of the Nebraska case within the Nebraska four-year statute of limitations -- albeit only three days before it ran -- satisfied the statute of limitations issue in this case is unavailing. Although there is some case law from other jurisdictions recognizing that, under some circumstances, a federal statute of limitation may be equitably tolled while a plaintiff pursues alternate remedies such as a separate state court action or an administrative process,[5] it is axiomatic that the other proceeding must be instituted before the applicable federal statute of limitations runs in order for equitable tolling to be imposed, *i.e.*, the plaintiff must have been pursuing the alternate remedy when the statute of limitations would ordinarily expire. To hold otherwise would be to stop (toll) something that does not exist, which makes no sense factually or legally. *See Hooper*, 687 S.E.2d at 33 (citing *Abbot v. State*, 979 P.2d 994, 998 (Alaska 1999) for proposition that equitable tolling has been deemed available where the plaintiff "actively pursued his or her judicial remedies by filing a *timely* but defective pleading. . . .") (emphasis added); *see also* 51 Am. Jur. 2d *Limitation of Actions* § 154 (equitable tolling available where the plaintiff "has *timely* asserted his or her rights

---

[5] *But see Williams v. Gyrus ACMI, LP*, No. 14-CV-00805-BLF, 2014 WL 4771667, at *5 (N.D. Cal. Sept. 24, 2014) (in California at least, the alternate remedy must be non-judicial, such as an administrative exhaustion process).

7

mistakenly in the wrong forum") (emphasis added). Furthermore, there are no allegations of deliberate acts of deception by Defendant or her attorneys that prevented Plaintiff from filing a timely diversity suit that would support a claim of equitable estoppel in this case as was the case in *Doe v. Bishop of Charleston*, 754 S.E. 494, 500 (S.C. 2014); *see also American Legion Post 15 v. Horry County*, 674 S.E.2d 181, 184-85 (S.C. Ct. App. 2009) (declining to apply either equitable tolling or estoppel to excuse lack of compliance with statute of limitation where "no extraordinary circumstance or active misleading by the [defendant]" was shown). Plaintiff's assertions that Defendant and her Nebraska attorneys used procedural devices such as a bankruptcy stay and a motion to dismiss for lack of service against him in the Nebraska case do not require this court to consider the doctrine of equitable estoppel. Additionally, Plaintiff's complaints about Defendant not making herself amenable to service in the Nebraska case would not require application of equitable tolling even if Plaintiff had filed the state action within the applicable three-year statute of limitations because "[c]oncealment of the parties . . . does not constitute concealment of the cause of action sufficient to avoid the running of a statute of limitations." 51 Am. Jur. 2d *Limitation of Actions* § 165 (citing *Griffith v. Shannon*, 284 S.W. 598, 600 (Tex. Ct. Civ. App. 1926)).

Because Plaintiff did not file his Nebraska case within the three-year statute of limitations that governs this federal diversity case, this court cannot say that it was a "timely filed" in the wrong court. By the time Plaintiff filed the Nebraska case, the statute of limitations had already run on any federal diversity action he could pursue in this court, and, therefore, there was no time remaining that could be tolled. Plaintiff has not carried his burden of proof on the issue of equitable tolling and, therefore, this case should be dismissed for untimeliness.

IV.     Conclusion

Based on the foregoing, the undersigned recommends that Defendant's Motion to Dismiss, ECF No. 22, be granted, and that Plaintiff's Complaint be dismissed with prejudice.[6]

IT IS SO RECOMMENDED.

November 21, 2016　　　　　　　　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[6] In light of the recommendation on the statute of limitations issue, it is unnecessary for this court to consider Defendant's abstention argument. ECF No. 22 at 5-6. Nevertheless, the parties' assertions and the attached documents show that the Nebraska case was partially dismissed with prejudice and partially dismissed without prejudice and is currently on appeal. Thus, it is reasonable to assume that Plaintiff will be able to continue to pursue that case in that state. Suffice it to say that most of the factors supporting abstention and discussed in *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976) and *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15-16 (1983)), support abstention in favor of the Nebraska case. Clearly, the subject matter of the Nebraska case is identical to subject matter of this case; Nebraska obtained jurisdiction over the subject matter first; Nebraska is a more convenient forum to consider the subject matter of Plaintiff's claims; no federal law appears to be involved in the litigation; and the Nebraska case proceedings appear to be adequate to protect both parties' rights.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).