IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| RODNEY L. GRAY, JR., | ) | Civil Action No.:4:16-cv-02132-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN ZIRFAS, | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of Defendant's Motion to Dismiss Plaintiff's

Complaint filed on August 12, 2016. [ECF #22].  On November 22, 2016, Magistrate Judge

Kaymani D. West issued her Report and Recommendation. [ECF #29]. These motions were

referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule

73.02(B)(2)(e). The Magistrate Judge recommends that this Court grant the motion.  On December

9, 2016, Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation ("R&R").

[ECF #31].   All parties have had the opportunity to extensively brief the issues raised in the

motions, and this Court has thoroughly considered all pleadings filed in this case.[1]

**Factual Background and Procedural History**

On June 23, 2016, Plaintiff Rodney L. Gray, Jr. filed this action in the federal district court

of South Carolina against Carolyn Zirfas.  Plaintiff is a Nebraska resident, while Defendant is a

South Carolina resident.  The lawsuit arises from an automobile accident that occurred five years

prior to the filing of the lawsuit in this Court on March 9, 2011 in Omaha, Nebraska. [ECF #1,

---

[1] Under Local Civil Rule 7.09 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."  Upon review of the briefs, the Court finds that a hearing is not necessary.

p. 5]. Plaintiff contends that Defendant neglected to stop at a stop sign, thereby causing him personal injury and property damage in the amount of $1 million dollars. [ECF #1, p. 5]. A review of the record reflects that on March 6, 2015, nearly four years after the automobile accident, Plaintiff filed a lawsuit related to the same claim in the Douglas County Civil/Small Claims Court in Omaha, Nebraska, styled as *Gray v. AAA Ins. Co.*, No. C1 15-4845 (the "Nebraska lawsuit"). The Nebraska lawsuit arises out of the same automobile accident and makes the same allegations against Defendant that are present in this Complaint. On May 28, 2015, that court dismissed the Nebraska lawsuit with prejudice against Defendant's insurer for failure to state a claim and without prejudice against this Defendant on January 19, 2016 when Plaintiff failed to serve Defendant within a six month time period. [ECF #26-2; ECF #26-3]. On March 18, 2016, Plaintiff appealed the dismissal of the Nebraska lawsuit, and the appeal is current pending in Nebraska. [ECF #22-1, p. 3].

On August 12, 2016, Defendant filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF #22, p. 1]. Defendant argues three grounds for dismissal: (1) the Complaint fails to state a cause of action; (2) the claims are barred by the applicable statute of limitations; and (3) Plaintiff has a parallel proceeding pending in another court (the Nebraska lawsuit). [ECF #22, pp. 1-2]. Plaintiff filed a response to the Motion to Dismiss, arguing that it is fair and equitable to deny the Motion to Dismiss because Defendant evaded service in the Nebraska lawsuit, while appearing in the bankruptcy courts of Nebraska. [ECF #26, p. 2].

On November 22, 2016, Judge Kaymani D. West issued her Report and Recommendation

("R&R") recommending that this Court grant the Motion to Dismiss because Plaintiff's Complaint is barred by the statute of limitations and equity does not toll the time period in this case. [ECF #29, p. 6]. On December 9, 2016, Plaintiff filed objections to the R&R. [ECF #31]. The Court now issues the following Order.

### Standards of Review

**A. Review of the Magistrate Judge's Report & Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* In the absence of specific objections to the R&R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

3

**B. Standard for Rule 12(b)(6) Motion to Dismiss**

Defendant has moved to dismiss the claims brought by Plaintiff against them pursuant to Rule 12(b)(6). Under the standard set forth in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298 (4th Cir. 2008), citing *Twombly*, 127 S.Ct. at 1974. The purpose of such a motion is to test the sufficiency of the facts alleged in a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this standard "does not require 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Rather, to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The United States Supreme Court recently stated that

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). When ruling on a motion to

4

dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Although consideration of matters outside the pleadings generally converts a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment, there are certain circumstances in which a court may considering such documents. For example, if a document is integral to and explicitly relied upon in a complaint, and its authenticity is unchallenged, a court may consider the document. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). A court may also consider official public records when ruling on a motion to dismiss. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x. 395, 397 (4th Cir. 2006). In this case, Defendant attached the Nebraska lawsuit appellate court transcript and the Nebraska lawsuit case summary to the Motion to Dismiss. [ECF #22-1; ECF #22-2]. Likewise, Plaintiff attached two Nebraska county court orders, two pleadings from the District of Nebraska Bankruptcy Court, and a Nebraska county bill of exceptions. [ECF #26-1; ECF #26-2; ECF #26-3, ECF #26-4, ECF #26-5, ECF #26-6]. Plaintiff also attached the accident report to his response brief, though this is not necessarily a public record. Accordingly, with the possible exception of the accident report, these public record documents do not automatically convert this motion into a summary judgment motion. In any event, this Court did not rely upon these documents in deciding to grant the motion based on a statute of limitations defense.

### Discussion

The first issue before this Court is whether Plaintiff's Complaint must be dismissed because it was not timely filed within the applicable statute of limitations and because a nearly identical

action is filed in a different court in a different state. When this Court is considering a diversity action, it applies the substantive law of the state where the accident occurred and the procedural law of South Carolina. *Sokolowski, v. Flanzer*, 769 F.2d 975, 977 (4th Cir. 1985). A federal court sitting in diversity must follow state law in determining whether an actions is commenced for the purposes of applying the statute of limitations. *Alday v. Techphy Div. Firminy*, 10 F. Supp. 2d 562, 563 (D.S.C. June 8, 1998); *see also Thornton v. Cessna Aircraft Co.*, 886 F.2d 85, 88 (4th Cir. 1989). In South Carolina, the applicable statute of limitations for torts is three years from the date of the accident. S.C. Code Ann. § 15-3-530(5). This period may be subject to the doctrine of equitable tolling in limited, exceptional circumstances. In such a case, the plaintiff bears the burden of proof on the issue of equitable tolling. *Hooper v. Ebenezer Senior Servs. & Rehab Ctr.*, 687 S.E.2d 29, 32 (S.C. 2009).

The Magistrate Judge recommends dismissal of the lawsuit under this ground because the accident occurred on March 9, 2011, and this lawsuit was filed on June 23, 2016, more than three years after the date the accident occurred.[2] Furthermore, the Magistrate Judge did not find that Plaintiff carried the burden of proving that the limitations period should be tolled for any reason. In his objections, Plaintiff references an alleged "fiduciary relationship" between the parties. [ECF #31, p. 1]. Plaintiff relies upon Nebraska law to argue that because the lawsuit filed in Nebraska was timely filed within the applicable four year statute of limitations governing Nebraska courts, this lawsuit should not be dismissed. [ECF #31, p. 2]. Plaintiff also references the fact that the

---

[2] The applicable statute of limitations in Nebraska is four years. This lawsuit was filed in this Court outside of that applicable time period, as well.

6

Defendant and her insurance company (not a named Defendant in this case) were playing "illusory mirage games" in the Nebraska Douglas County Court, apparently by evading service. [ECF #31, p. 2].

After a review of the record, this Court finds that this lawsuit is subject to dismissal in this Court because the applicable statute of limitations ran prior to the filing of the lawsuit.  First, Nebraska's statute of limitations and the fact that the lawsuit filed in Nebraska was filed just prior to the running of the four year statute of limitations does not prevent this suit from dismissal here. With respect to the statute of limitations, the law of South Carolina, rather than Nebraska, governs.[3]   In any event, Plaintiff did not file the lawsuit in Nebraska less than three years after the accident occurred.  Thus, any argument that the filing of the Nebraska lawsuit should somehow toll this case is unavailable because the statute of limitations applicable to this case here (three years) would have already expired by the time that lawsuit commenced.  *See generally* 51 Am. Jur. 2d *Limitation of Actions* § 154 (providing that equitable tolling might be available where a plaintiff timely asserts his rights in the wrong forum).

This Court also does not find support within the record to consider Plaintiff's argument that the fact that the Defendant's attorney filed a bankruptcy stay or a motion to dismiss for lack of service in the Nebraska lawsuit requires equitable tolling in this instance.  *See* 51 Am. Jur. 2d *Limitation of Actions* § 165 (citing *Griffith v. Shannon*, 284 S.W. 598, 600 (Tex Ct. Civ. App.

---

[3] "Even when, under South Carolina choice of law rules, the law of another state governs the existence of a cause of action and the substantive rights of the parties, the law of the forum state governs with respect to the statute of limitations, which is a matter of procedure.  The limitations law of the forum is applied, regardless of whether the period is longer or shorter than under the law of the jurisdiction where the cause of action arose." 26 S.C. Jur. *Limitation of Actions* § 14 (2016).

1926) (noting that "[c]oncealment of the parties . . .does not constitute concealment of the cause of action sufficient to avoid the running of a statute of limitations."); *see also Pocahantas Supreme Coal Co., Inc. v. Bethlehem Steel Corp.*, 828 F.2d 211, 218 (4th Cir. 1987) (To toll the statute based on fraudulent concealment, a claimant must establish that (1) the party pleading the statute fraudulently concealed facts which are the basis of the claim; (2) the claimant failed to discover those facts in the applicable period despite the exercise of due diligence).

A review of the public records show that Plaintiff failed to serve Defendant within the applicable six month period provided for under Nebraska law where the Nebraska lawsuit was filed. [ECF #26-3, p. 1]. However, there are no facts suggesting Defendant fraudulently concealed any information to prevent Plaintiff from pursuing his claim. It also appears that contrary to Plaintiff's assertions that the Defendant used the bankruptcy to work a fraud in the Nebraska lawsuit, Plaintiff was provided limited relief from the bankruptcy stay to continue his state court proceedings. Thus, it does not appear that any viable grounds exist to find that the statute of limitations was tolled in this case. Finally, this Court agrees with the Magistrate Judge that it is unnecessary to reach the issue of abstention in this case, given the fact that the case is subject to the statute of limitations defense here. However, a review of the public records filed in this case do appear to support Defendant's contention that the Nebraska lawsuit is identical to the subject matter of this case, and that case is currently on appeal. Nebraska initially obtained jurisdiction over this lawsuit, and Nebraska appears to be a more convenient forum given that it is the location where the accident occurred. Accordingly, it does not appear that any equitable grounds exist for this Court to retain jurisdiction in this case.

**Conclusion**

The Court has thoroughly reviewed the entire record, including all pleadings, motions, and response to those motions.  For the reasons stated above, Defendant's Motion to Dismiss [ECF #22] is **GRANTED**. Plaintiff's Complaint [ECF #1] is **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

Florence, South Carolina                                          s/ R. Bryan Harwell
January 24, 2017                                                    R. Bryan Harwell
                                                                           United States District Judge